UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Northern Division

| | |
|---|---|
| **LORA CURTIS** <br> **6 Marlene Trail** <br> **Fairfield, PA 17320** <br><br>     **Plaintiff,** <br><br> v. <br><br> **HAROLD E. BUTLER, DDS** <br><br> **And** <br><br> **ROBINWOOD DENTAL CENTER, P.C.** <br> **1110 Medical Campus Drive** <br> **Suite 148** <br> **Hagerstown, MD** <br><br>     **Serve:  Marshall T. Horman** <br>            **124 North Court Street** <br>            **Frederick, MD 21701** <br><br>     **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> *   Case No. _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT FOR PERSONAL INJURIES –PROFESSIONAL NEGLGIGENCE**
**(DENTAL MALPRACTICE)**

Lora Curtis ("Plaintiff") brings this claim by and through Fred B. Goldberg, Esq. and Fred B. Goldberg, P.C., her attorneys, and hereby sues Harold E. Butler, DDS ("Dr. Butler") and Robinwood Dental Center, P.C. ("The Practice"), collectively referred to as Defendants for cause and states as follows:

**JURISDICTION AND PARTIES**

1

1. This Honorable Court has jurisdiction of this case by virtue of 28 U.S.C. § 1332.

2. Plaintiff is an adult citizen of the United States and resides in the Commonwealth of Pennsylvania, at the above-designated address.

3. Defendant Harold E. Butler, DDS, is a dentist, Board certified in oral and Maxillofacial Surgery, licensed by the State of Maryland to provide dental services to the public and does so at the above-designated address.

4. Defendant Robinwood Dental Center, P.C. is a Professional Corporation duly organized or qualified to do business in the State of Maryland, which regularly provides dental services within the State of Maryland, at the above-designated address.

5. This Court has jurisdiction under federal diversity jurisdiction, 28 U.S.C. § 1132, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

6. Plaintiff, on February 10, 2016, filed a claim before the Maryland Health Claims Alternative Dispute Resolution Office (hereinafter, "HCADRO") and was assigned HCADRO No. 2016-061 (Exhibit 1).

7. Plaintiff, on May 31, 2016, filed the requisite Certificate of Meritorious Claim and Expert's Report with the HCADRO (Exhibit 2).

8. Plaintiff, on May 31, 2016, filed an Election to Waive Arbitration under the provisions of § 3-2A-06A of the Cts. & Jud. Proc. Code Anno., as amended, with the HCADRO. (Exhibit 3).

9. HCADRO, on June 1, 2016 issued an Order of Transfer, allowing the Plaintiff to file this case in this jurisdiction (Exhibit 4).

## FACTS

10. At all times relevant hereto Defendants identified above were Health Care Providers as defined by Md. Code Ann. Cts. & Jud. Proc. Sec. 3-2A-01.

11. At all times relevant hereto Dr. Butler was an employee, partner, director, agent, or joint venturer with The Practice and all dental treatment rendered by him to the Plaintiff was on behalf of or for the benefit of The Practice.

12. At all times relevant hereto Defendants were duly licensed dentists and dental services practices holding themselves out to the general public, including to the Plaintiff herein, as competent and skilled dentists who would properly examine, diagnose, treat, consult, refer, and administer to patients who might submit to their care and professional treatment.

13. At all times relevant hereto Defendants did undertake to render dental care and treatment to Plaintiff and it therefore became their duty to exercise that degree of skill, knowledge and expertise which is ordinarily exercised by a reasonably competent health care provider under like or similar circumstances.

14. The Defendants, their agents and/or employees were therefore bound to possess and exercise at least ordinary and reasonable skill, knowledge and expertise in examining, treating and caring for the Plaintiff.

15. Plaintiff was a patient of the Defendants from February 23, 2012 through May 14, 2014 ("the Treatment Period").

16. During the Treatment Period, Plaintiff presented to the Defendants for routine and standard dental services including prophylaxes, radiographical studies, and restorative dentistry.

17. On or about February 7, 2014, Defendants examined the Plaintiff and informed her that she should have her four third molars (commonly referred to as wisdom teeth), teeth #1, 16, 17 and 32 extracted.

18.  At the time, the only tooth of the four that was slightly problematic appears to have been tooth #17, the lower left third molar.

19. There is no diagnosis, treatment plan, or other explanation for the extraction of the other third molars.

20. Nevertheless, without providing any reasons therefor in their records, on or about March 20, 2014, Defendants records indicate that these molars were extracted.

21.  The records are deficient with regard to how they were extracted, only that they were extracted.  It appears from billing records that these were surgical extractions.  There are no record notations indicating what order they were extracted in, the mechanism of the extractions or any other details.

22. During the procedure, Dr. Butler, failing to take proper precautions, and in the process of extracting teeth #17 and 32, exerted improper force when extracting the teeth, failed to incise the gingiva in the proper way, failed to properly control the dental instruments he used, thus severing and/or severely traumatizing the Plaintiff's lingual nerves, bilaterally.

23. The severing and/or traumatizing of the lingual nerve during extractions of third molars is not an injury that ordinarily occurs during the course of the procedures, especially bilaterally, without negligence on the part of the surgeon.

24. Defendants also breached the standard of care by failing to immediately refer the patient to an oral surgeon who specializes in nerve surgery or for the proper care and treatment of lingual nerve injuries on an emergent basis.

25. As a direct and proximate result of the Defendants' errors of omission and commission, the Plaintiff was proximately injured, sustaining bilateral lingual nerve injuries that keeps a large area of her mouth and tongue permanently numb, painful and which interfere with her ability to taste and enjoy food, and other functions.

WHEREFORE, Plaintiff brings this action and seeks damages in excess of Thirty Thousand Dollars ($30,000) against the Defendants, jointly and severally.

Dated:  August 4, 2016

    Respectfully submitted,

    FRED B. GOLDBERG, P.C.

    /s/ Fred B. Goldberg, Esq
Fred B. Goldberg
10440 Little Patuxent Pkwy
Suite 900
Columbia, MD  20814
410-884-4074 (VOICE)
855-808-0608 (FAX)
FBG@fredbgoldberg.com

*Attorney for Plaintiff*